

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-42,794-05

### EX PARTE GILMORE FRANKLIN COX, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. CR-29938-A IN THE 217TH DISTRICT COURT
### FROM ANGELINA COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance and possession of certain chemicals with the intent to manufacture a controlled substance. He was sentenced to imprisonment for twenty and thirty-five years, respectively. The Twelfth Court of Appeals affirmed his convictions. *Cox v. State*, No. 12-11-00297-CR (Tex. App.—Tyler 2012, no pet.).

Applicant contends, among other things, that trial counsel failed to investigate whether the

substances alleged in count two of the indictment, possession of certain chemicals with the intent to manufacture a controlled substance, were designated by the Director of the Department of Public Safety as immediate precursors.

On November 6, 2013, we remanded this application and directed the trial court to order counsel to respond. We also directed the trial court to determine whether the substances alleged in count two of the indictment were designated by the Director of the Department of Public Safety as immediate precursors. We also directed the trial court to determine whether counsel's conduct was deficient and Applicant was prejudiced.

On remand, counsel filed a sworn affidavit. The trial court found that acetone was not an immediate precursor and that the other substances alleged in the indictment either were not immediate precursors or were suppressed at a suppression hearing. The trial court concluded that the second count was invalid and recommended that we grant relief.

We believe the record is not sufficient to resolve Applicant's claim. Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall determine whether Applicant pleaded guilty pursuant to a "package" plea agreement. If the trial court finds that there was such an agreement, it shall also determine, after

giving the State and Applicant an opportunity to respond, whether both counts should be set aside or whether the remainder of the plea agreement, count one, should be maintained. *See Ex parte Ervin*, 991 S.W.2d 804, 817 (Tex. Crim. App. 1999). Finally, the trial court shall order the District Clerk to forward a copy of the reporter's record of the motion to suppress hearing. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 17, 2014
Do not publish